IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



| | | |
|---|---|---|
| LISA COLANZI, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 07-3637 |
| SAVINGS FIRST MORTGAGE, LLC, and COUNTRYWIDE HOME LOANS, INC., | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**

**NOVEMBER 15, 2007**

Plaintiff Lisa Colanzi ("Colanzi") has filed a two count Complaint against Defendants Savings First Mortgage, LLC ("Savings") and Countrywide Home Loans, Inc. ("Countrywide") for alleged violations of the Truth in Lending Act ("TILA"), Count I, and the Pennsylvania Consumer Protection Law, Count II. Presently before this Court is Countrywide's Motion to Dismiss Count I of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the Motion is granted.

## I.    BACKGROUND

Colanzi is a homeowner in Philadelphia who originally financed her purchase via a mortgage loan through Countrywide. On June 20, 2005, she entered into a loan transaction to refinance the existing mortgage on her home with Savings. Colanzi signed loan documents for an adjustable rate, interest only loan on that date. According to her own admission, she signed documents that included the required TILA disclosures and the notice of her right to rescind the loan, and she attached these documents to her Complaint. Savings did not provide her with

copies of these documents at the time that she signed them. Colanzi received copies of the signed documents from Savings by way of the United States Postal Service on July 6, 2005.

Colanzi filed the present action on August 30, 2007. She alleges two claims against Defendants, but only the TILA claim is relevant to the Motion before this Court. Her claim for violation of TILA stems from her untimely receipt of the documents related to the refinancing. Colanzi alleges that Savings' failure to timely present the documents is equivalent to a failure to present the documents at all, an action which would authorize a three year period in which the consumer could rescind the loan under 15 U.S.C. § 1635. Countrywide services the refinance loan and would be affected by a rescission. Countrywide argues that receipt of the forms, even if untimely, precludes application of the three year rescissory period applicable to situations where disclosures are not made and the borrowers are not told of their right to rescind. Countrywide believes that Colanzi's argument that untimely receipt is equivalent to no receipt must be rejected.

## II.    STANDARD OF REVIEW

A Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his or her claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46); see also Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985).

In considering a Motion to Dismiss, all allegations in the complaint must be accepted as true and viewed in the light most favorable to the non-moving party. Rocks v. City of Phila., 868

F.2d 644, 645 (3d Cir. 1989) (citations omitted). Exhibits which are attached to the complaint and upon which one or more claims are based can be considered in deciding a motion to dismiss pursuant to Rule 12(b)(6). See Rossman v. Fleet Bank (R.I.) Nat'l Assoc., 280 F.3d 384, 388 n. 4 (3d Cir. 2002). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) (citations omitted).

**III.    DISCUSSION**

"[T]he congressionally stated purpose of TILA is 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to [her].'" Smith v. Fidelity Consumer Discount Co., 898 F.2d 896, 898 (3d Cir. 1990) (citing 15 U.S.C. § 1601(a)). TILA is a remedial statute which was designed to put the consumer on an equal footing with the lender. Id. The act achieves its goal through a strict liability system that imposes damages on lenders who fail to provide the material disclosures and tell consumers about their right to rescind. Id.

Lenders are required to provide consumers with mandatory disclosures on the material terms of the borrowing agreements. Lenders are also required to provide borrowers with a notice of their right to rescind the loan during the three day period following consummation of the agreement. "[T]he obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required . . . , whichever is later[.]" 15 U.S.C. § 1635(a). "If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years

3

after consummation[.]" 12 C.F.R. § 226.23(a)(3).

Colanzi states in her Complaint that the material disclosures required under TILA were made, and that Savings provided her with notice of her right to rescind. Her claim is that since these documents were not provided until more than two weeks after she signed them, the delay amounts to non-disclosure which entitles her to an extension of the rescission period to three years. Her claim finds no support in the statutes or in the case law.

Under 15 U.S.C. 1635(a), which is further explained at 12 C.F.R. § 226.23, a consumer has the right to rescind until the third business day after the transaction is consummated, the notice of right to rescind is delivered, or all material disclosures are delivered. In this case, the notice of right to rescind and material disclosures were not delivered until after the first three business days following the consummation of the loan. However, they were made. The statute specifically states that the "right to rescind the transaction [extends] until midnight of the third business day following the consummation of the transaction *or* the delivery of the information and rescission forms required under this section together with a statement containing the materia[l] disclosures required . . . , whichever is later[.]" 15 U.S.C. § 1635(a). The statute contemplates the situation where the documents are not provided immediately. Colanzi had three days to rescind the loan with Savings after she received the documents.

Since the documents were provided to Colanzi, and the required TILA disclosures were contained therein, 12 C.F.R. § 226.23(a)(3) language about a three year rescissionary period is inapplicable in this case. The Third Circuit has addressed a situation like this one in Smith, 898 F.2d at 903-05. That court held that delivery of material disclosures and a notice of right to rescind, even two years after consummation of a loan, did not mean that the plaintiff had not

4

received the required TILA disclosures.  Id.  Consequently, that plaintiff was not entitled to a three year rescissory period.  Id.  In contrast, the plaintiff in In Re Schweizer, 354 B.R. 272, 280-82 (Bankr. D. Idaho 2006) did not sign or receive the required TILA disclosures, and that court held that the three year period was applicable.  Colanzi states that she signed and received the material disclosures and a notice of her right to rescind.  (Compl. ¶¶ 12, 13, 14, 20.)  Thus, her situation is distinguishable from the one presented in In Re Schweizer.  Since Colanzi received copies of the forms which stated the material disclosures and gave her notice of her right to rescind under TILA, the three year rescissory period is not applicable in this case.  Therefore, Count I of the Complaint, insofar as it seeks rescission of the refinancing loan from Countrywide, is dismissed.

An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA COLANZI, : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | No. 07-3637 |
| SAVINGS FIRST MORTGAGE, LLC, and : | |
| COUNTRYWIDE HOME LOANS, INC., : | |
| Defendants. : | |

### ORDER

**AND NOW**, this 15th day of November, 2007, upon consideration of Defendant Countrywide Home Loans, Inc.'s Motion to Dismiss count I of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 12) and the response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.

FILED

NOV 15 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE