## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
|   |
|---|
| LISA COLANZI, |
| |
| Plaintiff, |
| |
| v. |
| |
| COUNTRYWIDE HOME LOANS, INC., and |
| SAVINGS FIRST MORTGAGE, LLC, |
| |
| Defendants, |
| |
| v. |
| |
| ACCURATE SETTLEMENT SERVICES, INC., |
| |
| Third Party Defendant. |

:
:
:
:
:   CIVIL ACTION
:
:   No. 07-3637
:
:
:
:
:
:
:
:
:
:
:

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                     **FEBRUARY 22, 2008**

Presently before this Court is a Motion for Summary Judgement filed by Countrywide Home Loans, Inc. ("Countrywide") pursuant to Fed. R. Civ. P. 56(b).  For the following reasons, the Motion is granted.

## I.    BACKGROUND

Lisa Colanzi ("Colanzi"), a homeowner in Philadelphia, sought to refinance a mortgage loan on her home held by Countrywide.  She contacted Savings First Mortgage, LLC ("Savings") about obtaining financing.  Savings offered her an adjustable rate, interest only loan, which she accepted.  On June 20, 2005, Colanzi and Savings closed on a mortgage loan in the amount of $180,200.  Accurate Settlement Services, Inc. ("Accurate"), who represented Savings, presented loan documents to Colanzi at the closing that she signed on that day.  Savings then mailed copies

of those documents to Colanzi on July 6, 2005.  At an unspecified time following consummation of the refinancing loan, Savings assigned its interest in the mortgage loan to Countrywide.

On August 30, 2007, Colanzi filed a Complaint against Savings and Countrywide stating claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, et seq. Savings filed a third party claim against Accurate for contribution or indemnification on October 17, 2007.  In the Complaint, Colanzi alleges that Savings violated the TILA by failing to provide her with copies of the documents at the closing, and that Countrywide was liable for these actions as the holder of the loan.  The Complaint also alleges that Savings and Countrywide violated the UTPCPL by making misrepresentations and omitting facts about the character of the loan before and during the closing.

On November 5, 2007, Countrywide moved for dismissal of the TILA claim, which this Court granted on November 15, 2007.  Countrywide thereafter moved for summary judgment in regard to the UTPCPL claim on January 14, 2008.  Colanzi initially responded to that Motion by filing a Motion for Voluntary Dismissal without prejudice on January 17, 2008, which this Court denied.  Colanzi subsequently filed a response to the Motion in which she attacked this Court's jurisdiction in regard to her state law claim, but chose not to address the merits of the Summary Judgment Motion.  The following Memorandum addresses the pending Summary Judgment Motion in this action.

## II.     STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Hines v.

Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991).  A court must determine "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  Summary judgment must be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A]n opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  Id.

**III.     DISCUSSION**

**A.     Supplemental jurisdiction**

Colanzi's only argument in opposition to the Motion for Summary Judgment is that this Court has been divested of supplemental jurisdiction by virtue of its dismissal of her TILA claim. This argument has no merit as the continued exercise of jurisdiction is a discretionary question for the Court.  Initially, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  In this action, both of the claims arise out of the same set of facts.  While Colanzi is correct to assert that a "district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction," she erroneously argues that this Court is under an obligation to do so.  28 U.S.C. § 1367(c)(3).

3

A district court, in making a decision on whether to continue exercising supplemental jurisdiction, "should take into account generally accepted principles of judicial economy, convenience, and fairness to the litigants." Growth Horizons, Inc. v Del. County, Pa., 983 F.2d 1277, 1284 (3d Cir. 1993). Here, those concerns weigh in favor of the continued exercise of supplemental jurisdiction. Extensive motion practice has already occurred before this Court, and it would be unfair to dismiss this action only to force Defendants to defend against the exact same claim in another forum. This Court will continue to exercise its power under 28 U.S.C. § 1367, and will address the merits of the UTPCPL claim contained in Count II of the Complaint.

**B.     UTPCPL claim against Countrywide**

Countrywide asserts in its Motion that it cannot be found liable under the UTPCPL because Colanzi has not alleged that Countrywide has committed specific acts of wrongdoing, nor has she alleged that the company engaged in unfair trade practices. Countrywide argues that every fact Colanzi alleges in the Complaint  involves an action by Savings during the origination or closing of the loan. Thus, since Countrywide was not involved with this particular mortgage loan until after closing, it argues that it could not have made any misrepresentations or engaged in fraudulent or deceptive conduct before or during the closing. Colanzi chose not to address this assertion in her response, but rather argued only that this Court is divested of its supplemental jurisdiction.

The UTPCPL provides consumers with a remedy against sellers of goods or services when those sellers commit an unfair trade practice. While the statute "provides that consumers may sue a seller of goods or services who commits an unfair trade practice[, it] does not impose liability on parties who have not themselves committed any wrongdoing." Williams v. Nat. Sch.

4

of Health Tech., Inc., 836 F. Supp. 273, 283 (E.D. Pa. 1993).  Other courts in this district have

found that assignees of loans, who have not been alleged to have committed any wrongdoing,

cannot be held liable under the UTPCPL.  McMaster v. CIT Group/Consumer Fin., Inc., No. 04-

339, 2003 WL 1314379, at *11 (E.D. Pa. May, 11, 2006).  Thus, this Court must review the

Complaint to determine whether any of the allegations accuse Countrywide of wrongdoing.

 Count II states that Savings and Countrywide violated the UTPCPL by representing to

Colanzi "prior to and at the loan closing" that the interest only loan she agreed to had benefits

and characteristics that it did not have, and that Savings and Countrywide acted in a manner that

caused her to be confused or misunderstand material terms of her loan in violation of 73 P.S. §

201-2(4)(v)[1] and  73 P.S. § 201-2(4)(xxi)[2] respectively.  (Compl. ¶¶ 27, 28.)  Colanzi also states

that "Savings assigned their interest in the Colanzi mortgage loan after the loan's origination."

(Compl. ¶ 5.)  A thorough review of the Complaint shows that Colanzi has not alleged that

Countrywide had any involvement with her procurement of the refinancing mortgage loan.  She

states that she and Savings communicated about what type of product was available to her.

(Compl. ¶ 10.)  She states in Paragraph 11 that "Savings omitted any mention that the loan would

be interest only."  Savings is alleged to have presented the loan documents to her via its agent

Accurate.  (Compl. ¶ 12.)  Colanzi also states that Savings mailed her copies of the loan

documents after closing.  (Compl. ¶ 14.)  Colanzi explains that the actions she is complaining

---

 [1] This section reads as follows: "Representing that goods or services have sponsorship, approval,
characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship,
approval, status, affiliation or connection that he does not have[,]" is an unfair trade practice.  73 P.S. § 201-2(4)(v).

 [2] This section states that "[e]ngaging in any other fraudulent or deceptive conduct which creates a
likelihood of confusion or of misunderstanding[,]" is also an unfair trade practice.  73 P.S. § 201-2(4)(xxi)

about include: "[o]mitting explanation . . . that she would receive an interest only feature[,]"
"[o]mitting explanation to [her] that she was not a suitable candidate to receive an interest only
loan[,]" and "[o]mitting explanation to [her] that her superior credit standing qualified her for
better loan terms[.]"  (Compl. ¶ 28.)  None of these actions could be imputed to Countrywide, as
Colanzi has admitted that this Defendant was not involved with this loan until after it was closed
by Savings.  (Compl. ¶ 5.)  Since Colanzi has neither alleged any facts in her Complaint, nor
presented any evidence in response to the present Motion, that show any wrongdoing on the part
of Countrywide, this Court must enter summary judgment in favor of Countrywide on the claim
raised under the UTPCPL.

       An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                  :

LISA COLANZI,                       :
                                  :

          Plaintiff,            :
                                  :

          v.                   :      CIVIL ACTION
                                  :

COUNTRYWIDE HOME LOANS, INC., and  :      No. 07-3637
SAVINGS FIRST MORTGAGE, LLC,    :
                                :

          Defendants,         :
                                :

          v.                   :
                                :

ACCURATE SETTLEMENT SERVICES, INC., :
                                :

          Third Party Defendant.  :
_____:

## ORDER

      **AND NOW**, this 22nd day of February, 2008, upon consideration of Defendant

Countrywide Home Loans, Inc.'s Motion for Summary Judgement pursuant to Fed. R. Civ. P.

56(c) (Doc. No. 28) and the responses and replies thereto, it is hereby **ORDERED** that the

Motion is **GRANTED**.


                                     BY THE COURT:


                                     /s/Robert F. Kelly_____
                                     ROBERT F. KELLY
                                     SENIOR JUDGE